UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

FRANCIS FINSTER,

                     Petitioner,

     v.                                     9:18-CV-1487
                                          (TJM)

STEWART ECKERT, Superintendent,

                     Respondent.
_____

APPEARANCES:                        OF COUNSEL:

FRANCIS FINSTER
Petitioner pro se
11-B-0235
Wende Correctional Facility
P.O. Box 1187
Alden, NY 14004

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

## I.    INTRODUCTION

On December 26, 2018, petitioner Francis Finster filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, as well as several state court records in support of the petition. Dkt. No. 1, Petition ("Pet."); Dkt. Nos. 1-1-1-3, Exhibits. On the same day, petitioner also submitted a properly certified application to proceed *in forma pauperis* ("IFP"), Dkt. No. 2, IFP application.

## II.    IFP APPLICATION

At the outset, petitioner's IFP application reflects that he qualifies to proceed without paying the statutory filing fee. Dkt. No. 2. Accordingly, his application is granted.

However, for the reasons that follow, petitioner is directed to file an affirmation addressing the issues discussed herein within thirty (30) days.

## III.   THE PETITION AND EXHIBITS

Petitioner challenges a 2010 judgment of conviction in Oneida County, upon a guilty verdict, of first degree course of sexual conduct against a child.  Pet. at 1-2; *see also People v. Finster*, 136 A.D.3d 1279, 1280 (4th Dep't 2016).[1]  The New York State Supreme Court, Appellate Division, Fourth Department, affirmed the judgment.  Pet. at 2; *Finster*, 136 A.D.3d at 1280.  On April 29, 2016, the Fourth Department denied petitioner's request for reargument.  *People v. Finster*, 138 A.D.3d 1514 (2016).  Further, on June 13, 2016, the New York State Court of Appeals denied leave to appeal.  *People v. Finster*, 27 N.Y.3d 1132 (2016); *accord* Pet. at 2-3.

On or about February 13, 2017, petitioner also filed a motion to vacate his judgment pursuant to New York Criminal Procedure Law § 440.  Pet. at 3.  The motion was denied on June 5, 2017.  *Id.* at 3.  The Fourth Department then denied petitioner's request for leave to appeal, on August 27, 2017, and motion for reconsideration, on October 4, 2017.  *Id.* at 4. On January 8, 2018, the Court of Appeals dismissed all leaves to appeal filed in petitioner's underlying criminal case.  *People v. Finster*, 30 N.Y.3d 1104 (2018).

Petitioner contends that he is entitled to federal habeas relief because (1) he "was deprived of due process . . . based upon the failure of the state to secure an indictment by Grand Jury, or . . . [properly] execute a valid waiver of indictment[,]" which would have granted the state court  the requisite jurisdiction to impose judgment (Pet. at 5-7, 16-18) and

---

[1] Citations to the petition refer to the pagination generated by CM/ECF, the Court's electronic filing system.

(2) petitioner's trial counsel was ineffective (*id.* at 7-8, 18-19). For a complete statement of petitioner's claims, reference is made to the petition and memorandum of law.

## IV.    DISCUSSION

### A.    Timeliness

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted on April 24, 1996, established a one-year statute of limitations for prisoners to seek federal review of their state court criminal convictions. 28 U.S.C. § 2244(d)(1). The one-year period generally begins to run from the date on which the state criminal conviction became final by the conclusion of direct review or by the expiration of the time to seek direct review. 28 U.S.C. § 2244(d)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 149-50 & n.9 (2012).[2]

For purposes of section 2244, a state conviction becomes "final" when the United States Supreme Court denies an application for a writ of certiorari or when the time to seek certiorari has expired, which is ninety days after the date on which the highest court in the state has completed direct review of the case. *Gonzalez*, 565 U.S. at 150; *Saunders v. Senkowski*, 587 F.3d 543, 547-49 (2d Cir. 2009).

The one-year limitation period under AEDPA is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *Saunders*, 587 F.3d at 548. The tolling provision "excludes time during which properly filed state relief applications are pending, but does not

---

[2] Other dates from which the limitations period may start running are the date on which an unconstitutional, state-created impediment to filing a habeas petition is removed, the date on which the constitutional right on which the petitioner bases his habeas application was initially recognized by the Supreme Court, if the right was newly recognized and made retroactively applicable, or the date on which the factual predicate for the claim or claims presented could have been discovered through the exercise of due diligence (newly discovered evidence). 28 U.S.C. § 2244(d)(1)(B)-(D). None of the bases for a later date upon which the statute of limitations could have begun to run appear to apply in this case.

reset the date from which the one-year statute of limitations begins to run." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (per curiam). The tolling provision excludes from the limitations period only the time that the state relief application remained undecided, including the time during which an appeal from the denial of the motion was taken. *Saunders*, 587 F.3d at 548; *Smith*, 208 F.2d at 16.

Moreover, AEDPA's one-year statute of limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). To warrant equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Diaz v. Kelly*, 515 F.3d 149, 153 (2d Cir. 2008). Courts have also recognized an equitable exception to the one-year statute of limitations under 28 U.S.C. §2244(d)(1) in cases where a petitioner can prove actual innocence. *McQuiggin v. Perkins*, __ U.S. __, 133 S. Ct. 1924, 1928, 1931 (2013). However, a petitioner's lack of legal knowledge does not constitute extraordinary circumstances preventing him or her from filing a timely petition. *Jenkins v. Greene,* 630 F.3d 298, 305 (2d Cir. 2010); *see Smith,* 208 F.3d at 18 (noting that a petitioner's pro se status does not establish sufficient ground for equitable tolling).

In this case, as petitioner outlines in his petition, his conviction was affirmed by the Fourth Department on June 13, 2016. Pet. at 13; *Finster*, 27 N.Y.3d at 1132. Petitioner's conviction became "final" for purposes of the AEDPA ninety days later, on September 12, 2016, when the time to seek certiorari expired. *Thaler*, 565 U.S. at 149; *accord* Pet. at 13. Petitioner had one year from that date, or until September 12, 2017, to file a timely federal

habeas petition.  The present petition, signed on December 5, 2018,[3] is approximately fifteen months too late.

Petitioner correctly contends that statutory tolling applies for the time the 440 motion was being litigated.  Pet. at 14.  Petitioner filed his motion on or about February 13, 2017, after 154 days of the statute of limitations period had run.  The limitations period was properly tolled during the pendency of the litigation, through the motion's denial on January 8, 2018.  *Saunders*, 587 F.3d at 548; *Smith*, 208 F.2d at 16.  Accordingly, petitioner had an additional 202 days, or until July 30, 2018, to timely file his habeas petition.  Petitioner did not file the present petition until December 5, 2018, approximately 128 days too late.

Presumably in response to this calculation, petitioner asserts that he "has been vigerously attempting to exhaust all of his state administrative remedies on all claims, prior to the filing of this federal petition for relief, with dilligence and attempts to fully develop the factual record in relation to his claims."  Pet. at 14.  However, petitioner's conclusory assertion does not explain why he could not timely file his petition in the 128 days that followed the exhaustion of his state court remedies, what records he was missing that he required, or how his attempts were delayed.

The Supreme Court has held that the district court may raise the statute of limitations issue sua sponte, but before the court may dismiss the petition sua sponte on that basis, the petitioner is entitled to notice and an opportunity to be heard regarding the timeliness issue.  *Day v. McDonough*, 547 U.S. 198, 209-11 (2006).  Accordingly, the Court will give petitioner an opportunity to file a written affirmation **within thirty (30) days** of the filing date of this

---

[3]  Under the prison "mailbox rule," a petitioner's application is deemed filed on the date he delivers it to the prison authorities for mailing.  *Houston v. Lack*, 487 U.S. 266, 270 (1988)

Decision and Order explaining why the statute of limitations should not bar his petition. The affirmation shall not exceed fifteen (15) pages in length. If petitioner fails to comply with this order, this petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d).

## V.    CONCLUSION

**WHEREFORE**, it is

**ORDERED** that petitioner may file a written affirmation, **within thirty (30) days** of the filing date of this Decision and Order, explaining why the statute of limitations should not bar this petition. The affirmation shall not exceed fifteen (15) pages in length. Petitioner should state the date(s) upon which he filed any state court applications for relief in which he challenged his conviction, including the name and location of the court(s) in which he filed each application, and the date(s) upon which the application(s) were denied. If petitioner is asking the court to equitably toll the limitations period, he must set forth facts establishing a basis for the application of equitable tolling as stated above. If petitioner is asking the Court to apply an equitable exception to the limitations period, he must set forth facts establishing a basis for doing so. No answer to the petition will be required from the respondent until petitioner has submitted the required affirmation, and the Court has had the opportunity to review his arguments; and it is further

**ORDERED** that upon petitioner's submission of the written affirmation, the Clerk shall forward the entire file to the court for review; and it is further

**ORDERED** that if petitioner fails to submit the required affirmation, this petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d) with no further order from the Court; and it is further;

**ORDERED** that the Clerk is directed to serve a copy of this Order on petitioner in accordance with the Local Rules.

Dated:   January 3, 2019

Thomas J. McAvoy
Senior, U.S. District Judge