UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

FRANCIS FINSTER,

               Petitioner,

v.                                                   9:18-CV-1487
                                                          (TJM)

STEWART ECKERT, Superintendent,

               Respondent.

---

APPEARANCES:                                              OF COUNSEL:

FRANCIS FINSTER
Petitioner pro se
11-B-0235
Wende Correctional Facility
P.O. Box 1187
Alden, NY 14004

HON. LETITIA JAMES                             MATTHEW B. KELLER, ESQ.
Attorney for Respondent                            Ass't Attorney General
New York State Attorney General
The Capitol
Albany, New York 12224

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

### I.    INTRODUCTION

Petitioner Francis Finster seeks federal habeas corpus relief pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Petition ("Pet."); Dkt. Nos. 1-2-1-3, Exhibits. On January 3, 2019, the Court directed petitioner to file an affirmation explaining why the statute of limitations should not bar his petition. Dkt. No. 4, Decision and Order ("January Order").[1] Petitioner timely filed

---

[1] The Court's Order also granted petitioner's IFP application. Decision and Order at 1.

said affirmation. Dkt. No. 5, Affirmation ("Aff."). The Court then directed respondent to answer the petition. Dkt. No. 6, Decision and Order dated 02/11/10 ("February Order").

Respondent opposed the petition. Dkt. No. 13, State Court Records; Dkt. No. 15, Memorandum of Law in Opposition ("Resp. Mem."); Dkt. No. 16, Answer. Petitioner filed a reply. Dkt. No. 23, Traverse.

For the reasons which follow, the habeas petition is denied and dismissed.

## II. RELEVANT BACKGROUND

The underlying facts of the criminal conviction are not presently in dispute. Petitioner was "convict[ed] . . . upon his plea of guilty of [a] course of sexual conduct against a child in the first degree [in violation of New York] Penal Law § 130.75(1)(b)[.]" *People v. Finster*, 136 A.D.3d 1279, 1280 (4th Dep't 2016) (internal quotation marks omitted).

Petitioner appealed the conviction arguing that (1) the waiver of his right to appeal was invalid because (a) it was not knowing, voluntary, or intelligently made and (b) it was jurisdictionally defective; and (2) his sentence was unduly harsh and severe. SCR at 3-11 (counseled brief on direct appeal); *Id.* at 80-91 (pro se brief on direct appeal); *accord Finster*, 136 A.D.3d at 1280. The People opposed the appeal. SCR at 69-79.[2] On February 5, 2016, the Appellate Division, Fourth Department unanimously affirmed the petitioner's conviction. *Finster*, 136 A.D.3d at 1280. Then, on April 29, 2016, the Fourth Department also denied petitioner's motion for reargument. *People v. Finster*, 138 A.D.3d 1514 (4th Dep't 2016).

Petitioner filed both a counseled and pro se application for leave to appeal with the

---

[2] Citations to the parties' submissions refer to the pagination generated by CM/ECF, the Court's electronic filing system.

New York State Court of Appeals. SCR at 96-98 (counseled application); *Id.* at 99-102 (pro se application). On June 13, 2016, the Court of Appeals denied petitioner's application. *People v. Finster*, 27 N.Y.3d 1132 (2016).

Following the direct appeal, on February 13, 2017, petitioner filed a motion to vacate his judgment pursuant to New York Criminal Procedure Law ("CPL") § 440 ("440 motion"). SCR at 102-113 (440 motion); *Id.* at 114-137 (exhibits); *Id.* at 138-147 (memorandum of law in support).[3] Petitioner argued that he was entitled to relief because (1) the waiver in the state court record was "not [an] accurate or a true reflection as to when or where the waiver of indictment was actually signed" and (2) his counsel was ineffective. *Id.* at 110-112. The People again opposed the motion. *Id.* at 148-152. Petitioner filed a reply. *Id.* at 153-56.

On June 5, 2017, the Oneida County Court denied petitioner's 440 motion. SCR at 157-180. On August 27, 2017, petitioner sought leave to appeal the denial from the Appellate Division. *Id.* at 181 (cover letter); *id.* at 182-197 (motion for leave to appeal); *id.* at 198-275 (exhibits). On October 4, 2017, the Fourth Department denied petitioner's request. *Id.* at 276. Petitioner then sought leave to appeal from the Court of Appeals; however, the application was dismissed on January 8, 2018. *Id.* at 278-84 (petitioner's motion seeking leave to appeal); *id.* at 285 (Court of Appeals Decision); *see also People v. Finster*, 30 N.Y.3d 1104 (2018).

Petitioner then filed the present action. The January Order provided petitioner with an opportunity to explain why his petition should not be dismissed as untimely. January Order at 3-6. Petitioner's affidavit outlined petitioner's "vigorous" attempts to exhaust his

---

[3] Another copy of the motion, exhibits, and memorandum of law is found in the State Court Record. *See* SCR at 224-267.

3

administrative remedies. Aff. at 2. Petitioner relies upon two arguments for continuing this action.

Liberally construing the first argument, petitioner asserts that his numerous attempts to retrieve information about his waiver of indictment from a variety of sources entitles him to equitable tolling. Aff. at 3-4. Specifically, petitioner wrote to (1) his appellate counsel, on August 8, 2016, and August 24, 2016, seeking clarification regarding the waiver of indictment (Dkt. No. 5-1 at 18-19); (2) the Oneida County Clerk, on September 10, 2017, and November 2, 2017, seeking a copy of the waiver of indictment (Dkt. No. 5-1 at 2-3); (3) the Oneida County Executive, County Attorney, and Committee on Open Government, on August 26, 2018, asking for assistance in compelling the County Clerk to release the aforementioned waiver (*id.* at 8-10); and (4) the Oneida County Public Defender, on October 8, 2018, seeking clarification on the indictment waiver (*id.* at 15-16).

The second argument petitioner advances is that his state court collateral attack is still pending because petitioner is awaiting a decision on the motion to reargue his 440 denial which he filed with the Oneida County Court on July 3, 2017. Dkt. No. 5-1 at 26-32. Therefore, petitioner contends that the statute of limitations remains tolled. Petitioner states that the motion was also served on the Oneida County District Attorney's Office on July 3, 2017. *Id.* at 31. Petitioner represents that he filed several inquiries with the Oneida County Court, seeking status updates. *Id.* at 32-35. Specifically, petitioner sent a letters on September 30, 2017; December 22, 2017; January 1, 2018; and February 4, 2018, which were all of similar sum and substance. *Id.* Namely, petitioner was requesting that the court acknowledge receipt of the motion to reargue and advise him of the People's response date. *Id.* Petitioner represents that he has still not received a response from either the Oneida

4

County Court or the District Attorney's Office; furthermore, no such responses were included in the State Court Record provided by the respondent.[4]

### III. THE PETITION

Petitioner contends that he is entitled to federal habeas relief because (1) he "was deprived of due process . . . based upon the failure of the state to secure an indictment by Grand Jury, or . . . [properly] execute a valid waiver of indictment[,]" which would have granted the state court the requisite jurisdiction to impose judgment (Pet. at 5-7, 16-18) and (2) petitioner's trial counsel was ineffective (*id.* at 7-8, 18-19). For a complete statement of petitioner's claims, reference is made to the petition and memorandum of law.

Respondent opposes the petition, arguing that it is untimely and that relief is unavailable for petitioner's claims. *See* Resp. Mem. Specifically, with respect to the substance of petitioner's claims, respondent asserts that (1) petitioner's due process claim is unexhausted and procedurally defaulted, not cognizable, and meritless; and (2) petitioner's ineffective counsel claim is meritless. *Id* at 15-26.[5]

Petitioner's reply did not focus on the issue of timeliness; instead, he concentrated on the merits of his petition. *See generally* Traverse. Specifically, petitioner argued that he was still entitled to relief because (1) his due process claims had merit and were cognizable as the issue of whether a state court properly exercised jurisdiction always conjures up important federal due process questions (i*d.* at 2); (2) petitioner's preclusion from litigating

---

[4] Respondent indicates that "[i]n response to inquiries by [his] Office, both the Oneida County Court Clerk's Office and the trial court report that they cannot locate in their files the alleged motion or the follow-up correspondence petitioner alleges he sent inquiring as to the status of the motion." Resp. Mem. at 12. However, respondent fails to provide any supporting affidavits or other form of proof to substantiate this claim.

[5] Because the Court has determined that the petition is untimely, it need not further discuss respondent's arguments regarding the merits.

5

the jurisdiction issue represents its own constitutional due process claim (*id.* at 3); (3) petitioner's guilty plea did not foreclose habeas relief (*id.* at 4); and (4) the state court's denial of petitioner's ineffective counsel claims was based on an unreasonable application of *Strickland* (*id.*).

## IV.  DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted on April 24, 1996, established a one-year statute of limitations for prisoners to seek federal review of their state court criminal convictions.  28 U.S.C. § 2244(d)(1).  The one-year period generally begins to run from the date on which the state criminal conviction became final by the conclusion of direct review or by the expiration of the time to seek direct review.  28 U.S.C. § 2244(d)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 149-50 & n.9 (2012).[6]

For purposes of section 2244, a state conviction becomes "final" when the United States Supreme Court denies an application for a writ of certiorari or when the time to seek certiorari has expired, which is ninety days after the date on which the highest court in the state has completed direct review of the case.  *Gonzalez*, 565 U.S. at 150; *Saunders v. Senkowski*, 587 F.3d 543, 547-49 (2d Cir. 2009).

In this case, petitioner's conviction was affirmed by the Court of Appeals on June 13, 2016.  Pet. at 2; *Finster*, 27 N.Y.3d at 1132.  Petitioner did not seek a writ of certiorari; therefore, Petitioner's conviction became "final" for purposes of the AEDPA ninety days later,

---

[6] Other dates from which the limitations period may start running are the date on which an unconstitutional, state-created impediment to filing a habeas petition is removed, the date on which the constitutional right on which the petitioner bases his habeas application was initially recognized by the Supreme Court, if the right was newly recognized and made retroactively applicable, or the date on which the factual predicate for the claim or claims presented could have been discovered through the exercise of due diligence (newly discovered evidence). 28 U.S.C. § 2244(d)(1)(B)-(D).  None of the bases for a later date upon which the statute of limitations could have begun to run appear to apply in this case.

6

on September 12, 2016, when the time to seek certiorari expired. *Thaler*, 565 U.S. at 149; *accord* Pet. at 3.[7] Petitioner had one year from that date, or until September 12, 2017, to file a timely federal habeas petition. The present petition, signed on December 5, 2018,[8] is approximately fifteen months too late.

## A. STATUTORY TOLLING

The one-year limitation period under AEDPA is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *Saunders*, 587 F.3d at 548. "An application for state review is 'pending' until it has achieved final review through the state's post-conviction procedures." *Foster v. Phillips*, No. 1:03-CV-3629, 2005 WL 2978686, at *4 (S.D.N.Y. Nov. 7, 2005) (citing *Carey v. Saffold*, 536 U.S. 214, 220 (2002)), *adopted in part by*, 2007 WL 2436202 (S.D.N.Y. Aug. 28, 2007), *judgment aff'd*, 326 F. App'x 597 (2d Cir. 2009). The tolling provision "excludes time during which properly filed state relief applications are pending, but does not reset the date from which the one-year statute of limitations begins to run." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (per curiam). The tolling provision excludes from the limitations period only the time that the state relief application remained undecided, including the time during which an appeal from the denial of the motion was taken. *Saunders*, 587 F.3d at 548; *Smith*, 208 F.2d at 16.

Petitioner correctly contends that statutory tolling applies to the time his 440 motion was pending. However, the length of that tolling period remains a point of contention

---

[7] Ninety days from June 13, 2016 was September 11, 2016; that date, however, was a Sunday.

[8] Under the prison "mailbox rule," a petitioner's application is deemed filed on the date he delivers it to the prison authorities for mailing. *Houston v. Lack*, 487 U.S. 266, 270 (1988)

7

between the parties. Petitioner filed his 440 motion on February 13, 2017, after 154 days of the statute of limitations period had run.

> In the case of a motion to vacate a conviction [pursuant to a 440 motion] . . . the statute of limitations is tolled from the date the motion is filed to the date it is decided by the trial court . . . as well as during the pendency of an application for leave to appeal from the trial court's denial of that motion . . . Nonetheless, with respect to achieving "final review" of a [440] motion, the denial of such a motion can be appealed only to the Appellate Division; no appeal to the New York Court of Appeals lies from an order denying a motion for leave to appeal to the Appellate Division . . . Thus, once the Appellate Division denies leave to appeal the trial court's denial of a [440] motion, a petitioner has reached "the end of the road within the state system" with respect to that motion.

*Foster*, 2005 WL 2978686, at *4 (internal quotation marks and citations omitted); *accord Lebron v. Sanders*, No. 1:02-CV-6327, 2004 WL 369141, at *4 (S.D.N.Y. Feb. 27, 2004) (holding that where an application seeking leave to appeal a 440 motion's denial to the Court of Appeals is dismissed "because there were no governing state procedures for the . . . application, the application was not properly filed and the statute of limitations was not tolled.") (internal quotation marks and citations omitted). Accordingly, the 440 motion tolled the statute of limitations from its filing date, on February 13, 2017, through October 4, 2017, when the Fourth Department denied leave to appeal. SCR at 276. For the foregoing reasons, petitioner's subsequent request to the Court of Appeals – seeking leave to appeal in November 2017 – was not properly filed; therefore, neither that motion nor the Court of Appeal's denial thereof serves to further toll the statute of limitations. *Foster*, 2005 WL 2978686, at *4; *Lebron*, 2004 WL 369141, at *4.

Petitioner incorrectly asserts that his motion requesting reargument of the County Court's denial of his 440 motion, allegedly filed on July 3, 2017, was entitled to statutory

8

tolling. "[A]n application is *properly filed* when its delivery and acceptance are in compliance with the applicable laws and rules governing filings . . . for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). Where there are no governing procedures or provisions for filing a motion, the application cannot be properly filed or serve as a basis for statutory tolling. *See Lebron*, 2004 WL 369141, at *4. "[T]he Criminal Procedure Law does not provide for reargument following denial of a motion made pursuant to CPL article 440." *People v. Lamont*, 40 N.Y.S.3d 796, 797 (3rd Dep't 2016) (citing *People v. Stacchini*, 969 N.Y.S.2d 218, 221 (3rd Dep't 2013), *lv. appeal denied*, 28 N.Y.3d 1185 (2017). Instead, the denial of a 440 motion can "only be appealed with permission of th[e] Appellate Division.]" *Id.* (citing CPL § 460.15). Alternatively, the CPL does provide for a motion for reargument, but only by the Appellate Division and only concerning its determination of an appeal. CPL § 470.50. Such motions must be served no "later than [thirty] days after the appeal . . . sought to be reargued has been decided[.]" N.Y. COMP. CODES R. & REGS. ("NYCRR") tit. 22 § 500.24(b).

  Therefore, assuming petitioner's motion to reargue was filed in response to the Oneida County Court's denial of his 440 motion, such a motion is not proper: there are no statutory provisions recognizing or sanctioning the filing of such a motion. *People v. Lamont*, 40 N.Y.S.3d at 797. Conversely, if petitioner's motion was instead meant to reargue the Fourth Department's denial of his request for leave to appeal, the motion is untimely. The motion for reargument was made in July of 2017, months before the Fourth Department's decision was issued in October. Furthermore, the motion was not renewed within the thirty days provided by the regulations. *See* 22 NYCRR § 500.24(b). Therefore, to the extent that

9

the motion to reargue can be construed to be pursuant to CPL § 470.50, it is untimely and, consequently, not properly filed.

In sum, the limitations period was properly tolled through the Fourth Department's denial on October 4, 2017. *Saunders*, 587 F.3d at 548; *Smith*, 208 F.2d at 16; *Foster*, 2005 WL 2978686, at *4; *Lebron*, 2004 WL 369141, at *4. Thereafter, petitioner had an additional 211 days, or until May 4, 2018, to timely file his habeas petition. Petitioner did not file the present petition until December 5, 2018, approximately 215 days too late.

## B. EQUITABLE TOLLING

AEDPA's one-year statute of limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010) (citing, *inter alia*, *Smith* 208 F.3d at 17). The Second Circuit has "set a high bar to deem circumstances sufficiently 'extraordinary' to warrant equitable tolling." *Dillon v. Conway*, 642 F.3d 358, 363 (2d Cir. 2011). A petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Diaz v. Kelly*, 515 F.3d 149, 153 (2d Cir. 2008). To make the requisite showing, a petitioner must "demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing[.]" *Rodriguez*, 2015 WL 5968837, at *6 (quoting *Hizbullahankhamon v. Walker,* 255 F.3d 65, 75 (2d Cir. 2001)). Further, a petitioner must establish that he "acted with reasonable diligence throughout the period he seeks to toll." *Doe v. Menefee*, 391 F.3d 147, 159 (2d Cir. 2004). "The link of causation is broken if the person seeking equitable tolling has not exercised reasonable diligence." *Rodriguez,* 2015 WL 5968837, at *6 (citing *Barrett v. United States*, 961 F. Supp. 2d 403, 408 (D. Conn.

10

2013)); *see also Hizbullahankhamon,* 255 F.3d at 75; (noting that causal relationship cannot be demonstrated "if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances").

"Equitable tolling also may be appropriate if the applicant is actually innocent . . . [as a]n actual innocence argument is premised on the same fundamental miscarriage of justice exception that was discussed by the Supreme Court[.]" *Germain v. Racette*, No. 9:13-CV-1530 (MAD/DEP), 2015 WL 7709606, at *10 (N.D.N.Y. Sept. 10, 2015) (internal quotation marks and citations omitted). An actual innocence claim will be recognized only in a "narrow class of truly extraordinary cases [where a petitioner can] present[] credible and compelling claims of actual innocence." *Hyman v. Brown*, 927 F.3d 639, 656 (2d Cir. 2019) (citing *Schlup v. Delo*, 513 U.S. 298, 315 (1995)) (internal quotation marks omitted); *see also House v. Bell*, 547 U.S. 518, 538 (2006) (noting that the actual innocence gateway standard is "demanding and permits review only in the extraordinary case.") (internal quotation marks omitted). "The petitioner's burden in making a gateway showing of actual innocence is deliberately demanding." *Hyman*, 927 F.3d at 656 (citing cases).

Petitioner contends that his actions filing numerous letters, attempting to disprove the factual conclusions regarding the waiver of indictment he signed during the course of his underlying criminal proceedings, warrant equitable tolling pursuant to the miscarriage of justice provision. Aff. at 2-3. Petitioner's correspondence which followed the recommencement of the statute of limitations in October of 2017, includes (1) a follow-up letter to the Oneida County Clerk, dated November 2, 2017, seeking a copy of the waiver of indictment (Dkt. No. 5-1 at 3); (2) a request to "Prisoner's Legal Service," dated April 14, 2018, seeking legal assistance for his 440 claims that documents had been falsified during

11

the course of his criminal proceedings (*id.* at 22-24); (3) a letter dated June 6, 2018, along with payment, to the Oneida County Clerk for photocopies of the indictment waiver from the court's record, and follow-up inquiries dated July 2 and August 26 (*id.* at 5-10); and (4) a letter written to the Oneida County Public Defender, on October 8, 2018, seeking clarification on the indictment waiver (*id.* at 15-16).

In this case, petitioner's arguments fail to meet the strenuous burden of either the equitable tolling or miscarriage of justice standards. Petitioner's correspondence includes unexplained gaps in time where he claims he was diligently pursuing his rights. However, he fails to account for the lack of activity between his letters. *See Lopez v. United States*, 180 F. App'x 305, 306 (2d Cir. 2006) (affirming denial of habeas petition as untimely where petitioner "failed to establish that he acted with reasonable intelligence" where "he alleges no facts which would explain his six-month delay" in communicating missing portions of his transcript or his subsequent delay in filing his petition).

Further, petitioner completely fails to indicate what extraordinary circumstances prevented him from timely filing his petition. Because there is "a high bar to deem circumstances sufficiently extraordinary to warrant equitable tolling," the complete failure to identify any such circumstances is fatal to the petition. *Dillon*, 642 F.3d at 363.

Moreover, "[i]f a prisoner believes he is entitled to discovery in aid of a state or federal collateral attack, his remedy is to seek such relief from the court where a properly filed and timely collateral attack on his conviction is pending." *Hodge v. Greiner*, 269 F.3d 104, 107 (2d Cir. 2001). Thus, the copies of the indictment waiver which petitioner alleges he was searching for via the letters he sent could have been sought after a timely federal petition was filed. *See id; see also Davis v. McCoy*, No. 1:00 CIV. 1681, 2000 WL 973752, at *2

12

(S.D.N.Y. July 14, 2000) (finding that petitioner's inability to obtain necessary court papers for more than two years was not an extraordinary circumstance); *cf. Jenkins v. Greene*, 630 F.3d 298 (2d Cir. 2010) (holding that requirement of affidavit from counsel or explanation for inability to present affidavit, in support of an ineffective assistance of counsel claim, is not an extraordinary circumstance warranting tolling; "petitioner could have timely filed . . . accompanied by a sworn statement why he was unable to obtain the attorney's affidavit).

Finally, petitioner offers no new evidence of his innocence. Instead, he seeks to re-litigate what has already been the subject of his direct appeal and 440 motion. Accordingly, petitioner has failed to plead, let alone demonstrate, actual innocence as that term is defined by the Supreme Court; therefore, he is not entitled to use actual innocence as a gateway to federal habeas review of his untimely petition. *McQuiggin*, 569 U.S. at 386.

Accordingly, the petition is not entitled to equitable tolling. Thus, it is untimely and its review is barred by the statute of limitations.

## V. CONCLUSION

**WHEREFORE**, it is

**ORDERED** that the petition (Dkt. No. 1) is **DENIED AND DISMISSED IN ITS ENTIRETY;** and it is further

**ORDERED** that no Certificate of Appealability ("COA") shall issue because petitioner has failed to make a "substantial showing of the denial of a constitutional right" as 28 U.S.C. § 2253(c)(2) requires;[9] and it is further

---

[9] *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see Richardson v. Greene*, 497 F.3d 212, 217 (2d Cir. 2007) (holding that if the court denies a habeas petition on procedural grounds, "the certificate of appealability must show that jurists of reason would find debatable two issues: (1) that the district court was correct in its procedural ruling, *and* (2) that the applicant has established a valid constitutional violation" (emphasis in original)).

13

**ORDERED** that any further request for a Certificate of Appealability must be addressed to the Court of Appeals (Fed. R. App. P. 22(b)); and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on the parties, and serve an updated docket sheet upon petitioner, in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: April 14, 2020

_Thomas J. McAvoy_
Thomas J. McAvoy
Senior, U.S. District Judge